Abraham Meller v. Commissioner.
Meller v. Commissioner
Docket No. 56620.
United States Tax Court
T.C. Memo 1957-18; 1957 Tax Ct. Memo LEXIS 234; 16 T.C.M. (CCH) 91; T.C.M. (RIA) 57018; January 29, 1957
Anthony S. Del Giudice, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: Respondent determined deficiencies in income tax and additions to tax for fraud, failure to file a timely return, failure to file declarations of estimated tax, and substantial underestimation of estimated tax, as follows: 1945
1946
Deficiency in tax
$371.62
$ 83.60
Additions under section 293(b)
185.81
41.80
Addition under section 291(a)
168.41
Additions under section 294
(d)(1)(A)
59.02
28.24
Addition under section 294
(d)(2)
16.95 No appearance was made by or on behalf of petitioner. Respondent's motion for dismissal of the petition and entry of decision according to the statutory notice *235 of deficiency was granted as to the deficiencies and the additions to tax for failure to file a timely return, failure to file declarations of estimated tax, and substantial underestimation of estimated tax. The evidence presented by respondent to sustain his burden of proving fraud was derived from a stipulation of facts, signed by petitioner although designated "Counsel for Petitioner," and the testimony of one witness. The following facts are found from this evidence. Findings of Fact The stipulated facts are hereby found. Petitioner, an individual residing in New York, New York, filed his income tax returns for 1945 and 1946 with the collector of internal revenue for the third district of New York. Petitioner's separate income tax return for 1945, timely filed on March 15, 1946, reflected income only from a salary received from the United States Government of $3,984.87. Petitioner delinquently filed his separate income tax return for 1946 on December 9, 1947. He was imprisoned in the Federal prison at Danbury, Connecticut, from February 1947 until November 1947 when he was released on probation. He did not request, nor did respondent grant him, an extension of time for *236 filing his 1946 income tax return, due on or before March 15, 1947. That return reflected income solely from a salary received from the United States Government of $3,714.88. During 1945 and 1946 petitioner was employed as a zone deputy collector of internal revenue in the office of the collector of internal revenue for the third district of New York. As a division chief, he supervised Julius J. Friedman and Sol H. Lewis, also employed as zone deputy collectors during the years involved. While petitioner was Friedman's supervisor he approached Friedman and suggested a scheme to obtain bribes from taxpayers whose tax matters were under investigation. Petitioner and Friedman, during 1945 and 1946, entered into and carried out a scheme of asking for and receiving bribes. Petitioner would assign a case to Friedman for investigation. If, after investigation, Friedman thought that the case could further the purpose of their scheme he would advise petitioner. Petitioner would then contact the particular taxpayer under investigation and advise him that his tax matter could be handled for a consideration. During 1946 the Internal Revenue Service investigated petitioner, Friedman, and *237 Lewis for allegedly asking for and receiving bribes from various taxpayers to influence their decisions in pending income tax matters. During 1945 and 1946 Friedman received the following amounts from the following taxpayers whose income tax matters were pending before him and petitioner: Year
Taxpayer-payors
Amount
1945
Henry Horowitz and Marks
Fishbein
$ 250.00
1945
Phillip Ginsberg
1,000.00
1945
Louis Wollowitz
250.00
1946
Peter Albisani and Americo
Bulzomi
400.00 Friedman received these bribes, totaling $1,500 in 1945 and $400 in 1946, in pursuance of the scheme he and petitioner worked out to obtain bribes to have their decisions influenced in pending tax matters. Friedman turned the bribes over to petitioner. Resulting from the investigation of his activities and those of Friedman and Lewis, the following three indictments were filed in the Federal District Court for the Southern District of New York on November 13, 1946: "Indictment No. I "Count I: That during and between the months of July and September 1945 Deputy Collectors Abraham Meller, Sol H. Lewis and Julius J. Friedman did ask Louis Wollowitz for certain sums of money to *238 influence their decision in a pending matter, in violation of Title 18, Section 207, United States Code. "Count II: That during and between the months of July and September 1945 Abraham Meller, Sol H. Lewis and Julius J. Friedman accepted the sum of $250 from Louis Wollowitz with intent to have their decision influenced thereby in a pending matter, in violation of Title 18, Section 207, United States Code. "Indictment No. II "Count I: That during the month of June 1945 Deputy Collectors Abraham Meller and Julius J. Friedman did ask Phillip Ginsberg for certain sums of money to influence their decision in a pending matter in violation of Title 18, Section 207, United States Code. "Count II: That during the months of June and July 1945 Abraham Meller and Julius J. Friedman accepted the sum of $1,000 from Phillip Ginsberg with intent to have their decision influenced thereby in a pending matter, in violation of Title 18, Section 207, United States Code. "Indictment No. III "Count I: That during the months of January and February 1945 Deputy Collectors Abraham Meller, Sol H. Lewis and Julius J. Friedman did ask Henry Horowitz and Marks Fishbein for certain sums of money to *239 influence their decision in a pending matter, in violation of Title 18, Section 207, United States Code. "Count II: That during the months of January and February 1945 Abraham Meller, Sol H. Lewis and Julius J. Friedman accepted the sum of $250 from Henry Horowitz and Marks Fishbein with intent to have their decision influenced thereby in a pending matter, in violation of Title 18, Section 207, United States Code." On February 7, 1947, petitioner entered a plea of guilty to the three indictments. He was sentenced to 2 years' imprisonment on Counts I and II of the first two indictments and Count I of the third indictment, sentences to be concurrent with the sentences on another indictment returned October 28, 1946. On Count II of the third indictment the sentence was suspended and probation of 2 years imposed, to begin after the sentences had been served. Petitioner filed false and fraudulent income tax returns for 1945 and 1946. Part of the deficiency for each of those years was due to fraud with intent to evade tax. Opinion Petitioner, whose official position should have apprised him of tax law requirements, failed to report illicit gains from his efforts at securing bribes. *240 From the undisputed facts in the record, we must conclude that he deliberately omitted considerable amounts of income from bribes from his 1945 and 1946 returns with intent to evade tax. Henry C. Boucher, 18 T.C. 710; Arlette Coat Co., 14 T.C. 751. The general atmosphere surrounding his illegal activities along with his admissions of guilt, see Estate of Joseph Nitto, 13 T.C. 858; Wallits, H. Petit, 10 T.C. 1253, and his failure to observe the very requirements with which from his occupation he must have been familiar, Leonard B. Willits, 36 B.T.A. 294; Meldon v. Commissioner, (C.A. 3) 225 Fed. (2d) 467, affirming Tax Court Memorandum Opinion on this point, are among the considerations which convince us that respondent has established a prima-facie case of fraud, which there has been no attempt to refute. Our finding that part of each deficiency was due to fraud with intent to evade tax disposes of the only question in issue. Decision will be entered for the respondent.